## (June 14, 1972)

■ JOSEPH SWANTAK, INC., et al., Respondents, v. DOMINICK IANNELLO et al., Doing Business as IANNELLO BROTHERS, et al., Defendants, and STATE BANK OF ALBANY, Appellant. (Action No. 1.) STATE BANK OF ALBANY, Appellant, v. JOSEPH SWANTAK et al., Respondents. (Action No. 2.)— Appeal from an order of the Supreme Court at Special Term,· entered in Chenango County on September 2, 1970, which denied plaintiff's motion for summary

judgment in Action No. 2 and denied defendant State Bank of Albany's motion in Action No. 1 for an order dismissing the complaint against it. In 1964 the Iannellos, defendants in Action No. 1, contracted with Joseph Swantak, Inc. (both Joseph Swantak and Joseph Swantak, Inc. will hereinafter be referred to as Swantak) for construction work on their farm. To finance the work the Iannellos applied to the State Bank of Albany for a loan in the amount of $100,000. Swantak, meanwhile, obtained a $9,000 loan from the bank. Under an oral agreement with the bank, the Iannellos agreed that $9,000 of their loan would be paid to Swantak so that he could pay off his loan to the bank. The loan was granted and the funds distributed to the Iannellos. These funds included a check in the amount of $9,000 made payable to several of the Iannellos and to Swantak. The Iannellos refused to endorse the check over to Swantak and it remains in the possession of the bank. Swantak thereafter commenced Action No. 1 to foreclose a mechanic's lien he had filed against the Iannellos' farm and to impress a trust against the funds represented by the above-mentioned check. The State Bank of Albany thereupon instituted Action No. 2 against Swantak on its note. After its motions to set aside a prior default judgment in Action No. 2 and for consolidation for the two actions were granted, the bank moved for summary judgment against Swantak in Action No. 2 and for summary judgment dismissing the complaint against it in Action No. 1. Both motions were denied by Special Term *, and the State Bank of Albany has appealed. In seeking summary judgment on its matured promissory note, the State Bank of Albany has presented the canceled cashier's check in the amount of $9,000 payable to Joseph Swantak, dated September 28, 1964 and indorsed by Swantak's stamp to the National Bank of Hobart. Swantak has failed to produce evidence that the proceeds of the note were not received by him. Therefore, no questions of fact are presented which preclude the granting of summary judgment and summary judgment should have been granted to the plaintiff in Action No. 2. In Action No. 1, however, the proceeds of the $9,000 check in the possession of the bank may be credited to the Iannellos in the event that they successfully defend the action by Swantak. The granting of summary judgment against the bank is therefore precluded. Order modified, on the law and the facts, by granting appellant's motion for summary judgment in Action No. 2, and, as so modified, affirmed, with costs to the appellant in Action No. 2. Herlihy, P. J., Greenblott, Simons, Kane and Reynolds, JJ., concur.

---

* Swantak's cross motion to set aside a prior stipulation between attorneys for Swantak and the Iannellos was granted. Iannellos' appeal from the granting of this motion has, however, been dismissed.